UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINAH S. R. DORSEY, | 1:12-CV-00595 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WALTER MILLER, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation confined at Valley State Prison in Chowchilla, California. Petitioner challenges a prison disciplinary hearing held on January 1, 2011, in which she was found guilty of fighting with another inmate. As a result, she was assessed a ninety (90) day forfeiture of credit and a thirty (30) day loss of yard privileges. Petitioner administratively appealed the decision, but the appeals were

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the attached exhibits.

1  denied. She also filed petitions for writ of habeas corpus in the state courts, but the petitions were
2  denied.
3      On April 16, 2012, Petitioner filed the instant federal habeas petition in this Court. She
4  contends prison authorities failed to timely provide her with the final disposition of the disciplinary
5  hearing thereby depriving her of the opportunity to adequately prepare and process her appeal.

**DISCUSSION**

I.  Preliminary Review of Petition

   Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II.  Failure to State a Claim

   Petitioner contends prison authorities failed to timely provide her with the final disposition of the disciplinary hearing within five working days as required by prison regulations. She contends that this failure in turn caused her to be unable to file and process an inmate appeal in a timely manner. For reasons discussed below, Petitioner's allegations do not rise to the level of a constitutional violation insomuch as all due process requirements were met, and in any case, it is clear that her claims are without merit.

   Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Petitioner's only challenge to the disciplinary hearing is that prison authorities failed to provide her with the written decision within five days as set forth in prison regulations. However, due process only requires that Petitioner be given a copy of the decision. The exhibits reflect that the Chief Disciplinary Officer reviewed and signed the Rules Violation Report ("RVR") on January 11, 2011, and a copy was delivered to Petitioner on January 13, 2011. (See Petition, Ex. C.) This is well within the five days Petitioner references. Petitioner states however that she did not receive the RVR until January 20, 2011. Her allegation places her receipt of the RVR at nine days after review rather than two as noted in the RVR. For federal due process concerns, this discrepancy is not relevant. Since Petitioner did receive a copy of the RVR, due process was satisfied. Petitioner fails to present a cognizable federal claim.

Moreover, even if her allegations were considered, it is clear they are without merit. Regardless of the time discrepancy, her appeals were considered at every administrative level. At the second level of review, Petitioner's challenges to the guilty finding were duly considered and rejected. (See Petition, Ex. C.) Her claims were considered on their merits, and the appeal was not denied as untimely. (See Petition, Ex. C.) Petitioner then presented her claims at the third and final administrative level where they were again considered on the merits and rejected. (See Petition, Ex. C.) Again, there was no finding of untimeliness. Likewise, Petitioner proceeded to all levels of the state courts with petitions for writ of habeas corpus. All of the petitions were rejected, presumably on their merits, insomuch as there was no indication of untimeliness. (See Petition, Ex. E.) Therefore, even if the prison authorities failed to deliver the decision within the five days at issue,

there was absolutely no prejudice.

III.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial

U.S. District Court
E. D. California          cd                                 4

1  showing of the denial of a constitutional right. Accordingly, the Court hereby DENIES Petitioner's
2  motion for certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE for failure to state a claim;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **May 2, 2012**                              /s/ **Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE